# EMERSON, TALCOTT & COMPANY

## v.

# ROZELLA MARKS.

*Wills—Life Interest in Lands—Execution against Devisee—Sec. 3, Chap. 77, R. S.*

1. Real property devised to a daughter, " to hold as long as she lives, without the privilege of selling it to any person, and at her death * * to go to her children, if any," is not subject to sale on execution against her.
2. Sec. 3, Chap. 77, R. S., authorizes the sale under execution of only such interests as may be disposed of by the debtor himself.

[Opinion filed February 17, 1887.]

IN ERROR to the Circuit Court of Champaign County; the Hon. C. B. SMITH, Judge, presiding.

Mr. THOMAS J. SMITH, for plaintiff in error.

Mr. J. O. CUNNINGHAM, for defendant in error.

WALL, J. David Shirk, of Park County, Indiana, by his last will gave to his daughter, Rozella Marks, a tract of land

containing eighty acres, in Champaign County, Illinois, "to hold as long as she lives, without the privilege of selling it to any person, and at her death it is to go to her children, if any."

The question presented by this record is whether the interest of the devisee is subject to sale on execution against her. She is in possession of the land and has been since the death of the testator. There can be no doubt that the limitation placed upon the devise, whereby the devisee was prevented from selling, is valid, and may be enforced by the appropriate legal means.

It is not within the rule against perpetuities. The manifest purpose of the testator was to give the use and enjoyment of the land merely, a purpose lawful in itself, not inconsistent with public policy, and induced, as it must be presumed, by sound reasons satisfactory to the testator. If this design can be frustrated by obtaining a judgment against the devisee and selling the land under execution issued thereon, the limitation is of little or no value. By this means a sale might readily be effected in direct contravention of the plain provision of the will.

In Waldo v. Cummings, 45 Ill. 421, the court upheld a testamentary provision that the property therein disposed of should not be subject to the debts of the legatees.

The will having so provided, and being recorded, all persons had notice of what it contained, and no one would give credit to the legatees with the belief that the fund could be rendered liable for the debt; and it was said that when the testator declared that the fund should be beyond the reach of the creditors of the legatees, he only exercised a right given to him by law in disposing of his property. In the case of Steib v. Whitehead, 111 Ill. 247, the testator devised to trustees certain real estate, upon the trust to rent the lands and tenements, make repairs, pay taxes and insure the buildings, and to pay the remaining rents and income in cash to his daughter J., in person, and not upon any written or verbal order, nor upon any assignment or transfer by said J., and at the death of said J. the lands should vest in the heirs of her body.

The question there presented was whether the money so derived by the trustees could be reached by process of garnishment at the instance of the creditors of the said J. It was answered in the negative. Thus the only provision involved was, in substance, like the one in the case at bar—a prohibition against a sale by the beneficiary; but to render it effective it was obviously necessary to guard the fund against the demands of creditors. The court said the creditors had no ground to complain that they had been misled by the provision made by the father. It was his own bounty, and, so far as they were concerned, he had a right to dispose of it as he pleased. Counsel seek to distinguish that case, because the property was given in trust, but the distinction is unimportant. The principle involved must be the same, whether the property is devised in trust or placed directly in the hands of the donee.

The limitation can be made effectual only by declaring that no indirect means shall accomplish what is lawfully forbidden by the will.

Sec. 3 of Chap. 77 can not be made applicable. It must be intended to authorize the sale upon execution of such interests only as the debtor would have the power to dispose of—interests unfettered by restraints upon transfer. It would be anomalous if any interest which a debtor could not sell, and which he could enjoy only by its use, might be sold by his creditor, and thus the lawful purpose of the donor defeated.

We are of opinion the Circuit Court ruled properly in quashing the levy, and the judgment will be affirmed.

*Judgment affirmed.*