MARGARET O'MELIA *et al.*

*v.*

ANTHONY MULLARKY.

*Filed at Ottawa May 9, 1888.*

1. PARTITION—*proof of title—when all the parties claim through a common source.* Where all the parties to a bill for partition claim through a common source, proof of title in the person under whom they claim is not necessary, and this especially when the pleadings admit that such person was seized in fee of the premises.

2. TRUST—*conveyance in trust— legal vested estate in beneficiary—char-acter of the trust.* A deed conveyed land to A, "in trust for B, C, D, E and F, heirs-at-law of G, deceased," the title "to vest absolutely, in fee simple, in said above specified heirs, at and after the death of H, the uncle of said heirs, but to so vest upon, and only upon, the express condition that the said H shall, during the whole remaining term of his natural life, have, a home upon said lands, and a good and sufficient support therefrom, and also the control and management thereof," etc.: *Held,* that the trust was an executed one, and that H took a legal estate for his life, with remainder in fee to the heirs-at-law of G, as tenants in common, and that the estates of such heirs were also legal vested estates.

3. Where a deed is made to one in trust for others, such as that mentioned, it imposes no duties on the grantee, either with respect to the beneficiaries or the estate conveyed. Such a conveyance will create only a dry trust, and the grantee will acquire but a momentary seizin to serve the use which the statute executes, by transferring the legal estate to the beneficiaries named.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. U. D. MEACHAM, and Mr. L. STOSKOPF, for the appellants.

Mr. JOHN C. KEAN, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 3d day of March, 1885, the appellee, Anthony Mullarky, exhibited his bill in the circuit court of Stephenson county, against appellants, Margaret O'Melia, Patrick O'Melia and John Glynn, praying for the partition of certain real estate particularly described in the bill, two-fifths of which is alleged to belong to the complainant, two-fifths to Margaret O'Melia, and the remaining one-fifth to Patrick O'Melia, and all claim in fee simple. On the hearing the court found their respective interests to be as stated in the bill, and a decree of partition was entered accordingly. The propriety of that decree is the question presented by this appeal.

It appears that James Mitchell, by deed bearing date January 19, 1867, conveyed and quitclaimed the land in question

"in trust for Bridget Mullarky, Margaret O'Melia, (one of the defendants,) James Mullarky, John P. Mullarky and Ellen Mullarky, heirs-at-law of Mark Mullarky, deceased, and the title to said lands to vest absolutely in fee simple in said above specified heirs at and after the death of Edward Mullarky, the uncle of said heirs, but so to vest upon, and only upon, the express condition that said Edward Mullarky shall, during the whole remaining term of his natural life, have a home upon said lands, and a good and sufficient support therefrom, and also the control and management thereof, it being the express understanding and condition hereof that the title and interest of said lands shall only vest in said above specified heirs of Mark Mullarky upon the death of the said Edward Mullarky, in case he is provided with a home upon and in support from said lands during his life." On the 20th of November, 1867, the above mentioned James Mullarky, by his deed of that date, conveyed all his title and interest in the land to appellee. On the 28th of January of the following year, John P. Mullarky, another of Mark Mullarky's heirs, conveyed to appellee all his interest in said land, making altogether two-fifths. The interests of the appellants, as heretofore stated, is not controverted, so that the only question to be determined is, whether the above mentioned conveyances are sufficient to establish appellee's claim of title.

It is first objected, that "there is no evidence in the record from whom or from what source James Mitchell derived his title to the land." There is nothing in this objection. The making of such proof, under the circumstances, was not required. All the parties claim through a common source,—namely, James Mitchell; and it is admitted in the answer that at the time of his conveyance he was the owner in fee of the premises.

It is also contended, that appellee took nothing by the deed from James Mullarky to himself, for the reason that he died some six years before Edward Mullarky, the tenant for life,

·and consequently, as is claimed, before any estate vested in him. This objection is founded upon a misapprehension of ·the true character of Mitchell's conveyance. It assumes that ·the heirs of Mark Mullarky mentioned in Mitchell's deed, took ·merely a contingent trust estate, whereas the supposed trust ·is clearly an executed use, under the statute. By virtue of ·that deed, Edward Mullarky took a legal estate for his own ·life, with remainder in fee to the heirs of Mark Mullarky, as tenants in common. Of course, their estates were also legal ·vested estates. The deed imposed no duties upon Anthony Mullarky, either with respect to the beneficiaries or the estate ·conveyed, hence he took under it what is known as a dry trust, merely,—or, in other words, he acquired but a momentary ·seizin to serve the use which the statute executed, by transferring the legal estates to the beneficiaries· named. Such being the legal effect of the deed, it follows that at the time of James Mullarky's conveyance to appellee, the remainder in fee of ·one-fifth of the land was in him, and consequently passed by ·his deed to appellee.

It is further claimed that John P. Mullarky was a minor at the time of his conveyance to appellee, and that as soon as he attained his majority he revoked it. We do not think the ·proofs justify this claim.

A number of other objections are raised in appellants' brief, but they are so manifestly without merit that we decline to ·discuss them.

The decree will be affirmed.

*Decree affirmed.*