ODIE L. BROWN, Appellant, *vs.* HARRY BROWN *et al.*
Appellees.

*Opinion filed December 21, 1910.*

1. PERPETUITIES—*rule against perpetuities—the purpose of such rule.* The rule against perpetuities is one which forbids the creation of future interests in real estate which will not necessarily vest within a life or lives in being at the creation of the interest and twenty-one years thereafter; and the purpose of such rule is to prevent the creation of interests to take effect upon the happening of remote contingencies.

2. SAME—*a vested interest is not subject to rule against perpetuities.* Under the rule against perpetuities no interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within the time limited by the rule; but a vested interest cannot be subject to any condition precedent, and if an estate is vested in interest it is not subject to the rule although the enjoyment is postponed beyond the limits of the rule.

3. SAME—*when life estates are not within rule against perpetuities.* Where a deed conveys property to the grantor's wife, and provides that the property shall be transferred to a named adopted daughter when she becomes eighteen years old, "to have and to hold the said land during her life, and to her children, if she have issue, during their lifetime," etc., the life estates so created are not within the rule against perpetuities.

4. SAME—*remainder is vested if it is always ready to turn into a present estate in possession.* A future interest must necessarily await the determination of the preceding estate, but if it is always ready, throughout its existence, to turn into a present estate in possession whenever and however the preceding estate is determined, it is a vested interest.

5. SAME—*instance of a vested remainder.* A remainder to a named person, limited to take effect in case of the death of another person already in existence, and the death of the latter's children, if she had issue, is a vested remainder.

6. SAME—*reversion defined—a reversion is not subject to rule against perpetuities.* A reversion is a future interest remaining in the person creating estates in favor of other persons, after taking out such estates, which will vest in possession in the creator of such estates, or his heirs, when the created estates terminate, and, being always ready to turn into a present estate of possession whenever and however the created estates are determined, such reversion is a vested interest and not within the perpetuity rule.

7. DEEDS—*effect where deed refers to another deed for the estate conveyed.* A statutory warranty deed which recites that it is made in compliance with another described deed which appears of record in a certain deed record book of a specified county, must be construed as conveying precisely the estate which such recorded deed directed to be conveyed.

8. SAME—*deed construed as not violating rule against perpetuities.* A warranty deed conveying certain land to the grantor's wife, and containing a provision that the property shall be conveyed to a named adopted daughter when she becomes eighteen years old, "to have and to hold said land during her life, and to her children, if she have issue, during their lifetime," and "in case of her death and the death of her children then this land is to revert back" to the grantor's wife and her heirs, creates a fee simple title in the wife, subject only to being divested to the extent the life estates take effect; and if the life estates begin and end during the wife's lifetime, the reversion in her becomes an estate in possession, not affected by the rule against perpetuities.

APPEAL from the Circuit Court of Douglas county; the Hon. SOLON PHILBRICK, Judge, presiding.

JOHN H. CHADWICK, for appellant.

W. THOMAS COLEMAN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Odie L. Brown, filed his bill in the circuit court of Douglas county against his infant son, Harry Brown, and others, who are appellees, praying the court to correct mistakes in conveyances of a tract of land to which he claimed title by virtue of a deed to him from Catherine Bagley, and to declare that he was vested with title in fee simple. A guardian *ad litem* was appointed for the infant defendant and filed an answer. The cause was referred to the master in chancery, who found and reported that there were mistakes in the conveyances, and he recommended a decree correcting the same and declaring the complainant to be the owner of the premises in fee simple. The guardian

247—34

*ad litem* excepted to that portion of the report which found title in fee simple in the complainant, and the court, upon a hearing, sustained the exceptions and entered a decree correcting the errors but finding that the complainant acquired no title or interest by virtue of the deed from Catherine Bagley, and that the title was in the heirs-at-law of Fern Brown, two-thirds being in the complainant, her father, and the remaining one-third in the defendant Harry Brown, her half-brother.

John E. Bagley was the owner of the premises in question, and on March 23, 1886, executed a statutory warranty deed of the same to his wife, Catherine Bagley, reserving a life estate to himself. Following the description of the land were the following provisions: "This land to be transferred to Cora Stephens (known as Cora Bagley) when she becomes eighteen years old, she, Cora Stephens, to have and to hold the said land during her life, and to her children, if she have issue, during their lifetime. In case of her death and the death of her children then this land is to revert back to Catherine Bagley and her heirs." The deed was recorded in deed record 41 of the records in the recorder's office of Douglas county, at page 11. John E. Bagley died on April 14, 1886, and upon his death Catherine Bagley took possession of the premises as grantee under said deed and occupied the same until September 21, 1895, when Cora Stephens, who was an adopted daughter of John E. Bagley and Catherine Bagley, reached the age of eighteen years, and Catherine Bagley then executed her statutory warranty deed conveying the premises to the said "Cora Stephens, (known as Cora Bagley,)" with this statement in the deed: "This deed is made in compliance with the deed made by John E. Bagley to his wife, Catherine Bagley, which appears more fully of record in deed record 41 of Douglas county deed record, at page 11." Cora Stephens *immediately entered into the possession* of the premises and was afterward married to the complainant,

Odie L. Brown. She died on April 22, 1901, leaving the complainant, her husband, and Fern Brown, her daughter and only heir-at-law. Fern Brown took possession of the premises and occupied the same until her death. The complainant married again after the death of Cora Stephens Brown, and the defendant Harry Brown is a child of the second marriage. Fern Brown died on October 21, 1909, and Catherine Bagley took possession of the premises, and on February 1, 1910, she executed a quit-claim deed of the same to the complainant, Odie L. Brown, in consideration of $2700.

The deed from John E. Bagley conveyed the premises to Catherine Bagley, but with a provision that when the adopted daughter, Cora Stephens, should become eighteen years old the grantee should convey to her an estate for life with remainder to her children for life. It was further provided that in case of the death of Cora Stephens and the death of her children the land was to revert back to Catherine Bagley and her heirs. If the limitations contained in that deed were valid Catherine Bagley owned the fee in the premises after the death of Fern Brown and her conveyance to the complainant transferred such title to him. The only possible question as to the validity of such limitations is whether any of them are void because in violation of the rule against perpetuities. That rule forbids the creation of future interests in real estate which will not necessarily vest within a life or lives in being at the creation of the interest and twenty-one years afterward. (*Waldo* v. *Cummings,* 45 Ill. 421; *Howe* v. *Hodge,* 152 id. 252; *Owsley* v. *Harrison,* 190 id. 235; *Lawrence* v. *Smith,* 163 id. 149; *Chapman* v. *Cheney,* 191 id. 574; *Pitzel* v. *Schneider,* 216 id. 87; Kales on Future Interests, sec. 254.) The rule has been established by judicial decisions, and its purpose is to prevent the creation of interests to take effect on the happening of remote contingencies. It does not apply to interests which are vested. No interest subject to a condi-

tion precedent is good unless the condition must be fulfilled, if at all, within the time limited by the rule, but a vested interest cannot be subject to a condition precedent, and if an estate is vested in interest it is not subject to the rule against perpetuities although the enjoyment of the estate is postponed beyond the limits of the rule. (*Lunt* v. *Lunt,* 108 Ill. 307; 30 Cyc. 1471; 22 Am. & Eng. Ency. of Law,—2d ed.—705.) The limitation to the children of Cora Stephens could not possibly be considered subject to the rule, since she was in being both when the deed was made by John E. Bagley and when the deed was made by Catherine Bagley, and as the life estates in her children were to take effect at her death they were not postponed beyond a life in being. There could be no children of Cora Stephens born after the termination of her life estate by her death, and the life estate of Fern Brown, her daughter, vested in possession immediately upon such death and was not subject to the rule. (Gray's Rule Against Perpetuities,—2d ed.—sec. 205; *Madison* v. *Larmon,* 170 Ill. 65.) The life estates were not within the rule, and if the reversion or limitation to Catherine Bagley after the termination of the life estates did not offend against the rule, the title to the property passed to the complainant.

If the provision in the deed of John E. Bagley for a reversion to Catherine Bagley at the termination of the life estates be regarded as a remainder limited by the deed, it was a vested remainder. A future interest must necessarily await the determination of a preceding estate, but if the remainder is ready to turn into a present estate in possession whenever and however the preceding estate is determined, it is vested. A vested remainder is one which throughout its continuance gives to the remainder-man or his heirs the right to the immediate possession whenever and however the preceding estates may determine. (Gray's Rule Against Perpetuities,—2d ed.—sec. 101.) A remainder to Catherine Bagley limited to take effect in case of the death of

Cora Stephens and the death of her children would be a vested remainder. (*Cheney* v. *Teese,* 108 Ill. 473, where the devise was to take effect after the death of the testator's daughters; *O'Melia* v. *Mullarky,* 124 Ill. 506, where land was conveyed in trust for certain heirs-at-law, to vest absolutely in them at the death of their uncle; *Ducker* v. *Burnham,* 146 Ill. 9, where an estate was to be equally divided between the testator's children after the death of his wife; *Davenport* v. *Kirkland,* 156 Ill. 169, where there was a limitation by will, in the event of the death of any of the testator's children, to the surviving children; *Knight* v. *Pottgieser,* 176 Ill. 368, where estates were limited upon or at the death of the life tenant; and *Bowler* v. *Bowler,* 176 Ill. 541, where there was a deed which was to be of no force or effect until after the death of the grantor.)

The deed from John E. Bagley to his wife, Catherine Bagley, conveyed to her a fee simple estate in the tract of land to take effect in possession at his death, but with the provisions before stated that when Cora Stephens should become eighteen years old the land was to be transferred to her for life with remainder for life to her children, if she had any, and at her death and the death of her children the land was to revert back to Catherine Bagley and her heirs. It was the intention of John E. Bagley, plainly expressed in the deed, that Catherine Bagley should have the fee except so far as life estates in Cora Stephens and her children should be created out of it, and while we have considered the effect of regarding the estate limited to Catherine Bagley after the termination of the life estates as a remainder, we think the correct view is that such estate was a reversion in fee. Questions discussed by counsel as to the relation of Catherine Bagley to Cora Stephens created by the provision for the transfer of the life estates, the proper term to be applied to Catherine Bagley, and the right of Cora Stephens to enforce the provision for her benefit, are not material, for the reason that the conveyance was

made as directed. The deed to Cora Stephens recited that it was made in compliance with the deed of John E. Bagley, and it must be construed as conveying precisely what was directed to be conveyed. As we interpret the deed of John E. Bagley to Catherine Bagley, she owned the title in fee simple to the tract of land subject to its being divested only to the extent that the life estates might take effect if Cora Stephens reached the age of eighteen years and had surviving children. (*Gatenby* v. *Morgan,* 1 Q. B. D. 685.) The reversion in fee in Catherine Bagley was vested because all reversions are vested. A reversion is a future interest remaining in the person creating estates in favor of other persons after taking out such estates, and upon the termination of such estates the creator of them, or his heirs, will be again entitled. A reversion, therefore, is always ready to become a present estate in possession whenever and however the preceding estates are determined, and being a vested estate it is not subject to the rule against perpetuities. (30 Cyc. 1473.)

It follows from what has been said, that at the termination of the life estate of Fern Brown the reversion in fee, which had all the time been vested in Catherine Bagley, became an estate in possession and was not affected in any manner by the rule against perpetuities. Her deed conveyed an absolute fee simple title to the complainant, Odie L. Brown, and the chancellor erred in his conclusion that Fern Brown had title in fee which descended to her father and half-brother as her heirs-at-law.

The decree is reversed and the cause remanded, with directions to enter a decree in accordance with the prayer of the bill.          *Reversed and remanded, with directions.*