# Mary P. Lunt *et al.*

*v.*

# Orrington Lunt.

*Filed at Springfield June 15, 1883—Rehearing denied January Term, 1884.*

1. Will—*what is a perpetuity.* A perpetuity is a limitation taking the subject thereof out of commerce for a longer time than a life or lives in being and twenty-one years beyond. In case of a posthumous child a few more months may be allowed.

2. If the title to an estate devised vests in the devisees upon the death of the testator, although the full enjoyment thereof is postponed to a future day, the devise will not be obnoxious to the rule of law against the creation of perpetuities.

3. Same—*devise—whether contingent or vested.* A devise to A if or when he shall attain the age of twenty-one years, standing alone, will confer a contingent interest only; but a devise to trustees until A shall attain the age of twenty-one years, and if or when he shall attain that age then to him in fee, is construed as conferring on A a vested estate in fee simple, subject to the prior chattel interest given to the trustees, and upon A's death under the prescribed age the property will descend to his heir at law. So a devise over, in case he dies before reaching such age, supplies an argument in favor of the prior devisee taking a vested interest.

4. Same—*construed, by taking all its clauses together.* In construing a provision of a will the court should consider each clause thereof, not alone, but in connection with each other, to ascertain the real intention of the testator, which must govern, unless it conflicts with some known rule of law.

5. A testator made a residuary devise to his executors as trustees, and to the survivor, upon the following trust: That the rents, income, etc., or as much as necessary, be paid out for the support of the testator's wife, and the support and education of his children, until they should arrive at the age of twenty-one years, when one-third of two-thirds of the property devised should vest absolutely in each of his children, or the survivor of them; and in case the wife should marry, one-third only of the income and rents of the real estate should be paid to her during her life. It was also provided further, as follows: "When my said children, or the survivor, shall arrive at the age of thirty years, if my wife still survive, the remainder of said two-thirds of my property shall go to and vest in each of my said children equally, or in the survivor, and the issue of the deceased, if any exist, equally, or if both die leaving issue, then at such period as the youngest of my said children would have been thirty years of age the same shall vest in the issue

of each of my children equally, the children taking a parent's share, and if both die without issue, then to my heirs at law; and in case my wife shall die within thirty years from the birth of my youngest child, then at the expiration of said thirty years my whole property shall go to my heirs at law," and in case of her death after the children become thirty years old, the remaining third should go and vest the same as the two-thirds: *Held,* that the death of the wife leaving both children living did not accelerate the possession of the property or terminate the trust, but that all the property, except one-third of two-thirds, which passed to the children when the youngest arrived at the age of twenty-one, remained in the surviving trustee until the youngest child was thirty years of age, when a division was to be made of the remaining property.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Messrs. COLLINS & ADAIR, for the appellants:

· Estates can not be limited in any mode, so as to be not subject to alienation, beyond the period of a life or lives in being and twenty-one years thereafter, allowing the period of gestation in addition of a child *en ventre sa mere.* 2 Greenleaf's Cruise, 716, 717; Lewis on Perpetuities, 164, 172; 1 Smith's Leading Cases, part 2, 722, 723; 1 Washburn on Real Prop. 82; 1 Jarman on Wills, 222; 2 Redfield on Wills, 568, sec. 4; *Waldo* v. *Cummings,* 45 Ill. 421.

If, by any possibility, the vesting may be postponed beyond this period, the limitation will be void. 2 Washburn on Real Prop. 359; 1 Jarman on Wills, 231–233; 2 Redfield on Wills, 571; *Joel* v. *Audley,* 1 Cox, 324.

If the limitation is void as being too remote, the will will be construed as if no such clause were in it, and the first taker holds his estate discharged of the limitation over. *Brattle St. Ch.* v. *Grant,* 3 Gray, 142; *Wood* v. *Griffin,* 46 N. H. 234; Lewis on Perpetuities, 657; 2 Washburn on Real Prop. 360; 18 Ad. & Ellis, (N. S.) 224; *Anderson* v. *Grable,* 1 Ark. 136; *Joslin* v. *Hammond,* 3 M. & K. 110; *Seward* v. *Wilcox,* 5 East, 198. ·

The rule against perpetuities, and the effect of the executory devise being void for remoteness, are applicable to personal as well as to real property. 1 Jarman on Wills, 223, 231–233, 255; Lewis on Perpetuities, 164; 2 Redfield on Wills, 278.

A limitation over by way of executory devise, based on "an indefinite failure of issue," as in the seventh clause of item 4, is void as too remote. 2 Washburn on Real Prop. 360, 361; 4 Kent's Com. 276; 1 Jarman on Wills, 223; 2 id. 418; 2 Redfield on Wills, 275, 276, 569; *Anderson* v. *Jackson*, 16 Johns. 382.

Trusts for accumulation, which are not necessarily limited to the term of a life or lives in being and twenty-one years after, are absolutely void. Lewis on Perpetuities, 592, 172; *Curtis* v. *Lukin*, 5 Beav. 147; *Lord Southampton* v. *Hertford*, 2 V. & B. 61; *Thellusen* v. *Woodford*, 4 Ves. 227; 2 Swanst. 432; 14 Sim. 369; 17 id. 187; 1 H. L. Cases, 406.

Where property is directed to accumulate for a certain period, or where the payment is postponed, the legatee or devisee, if he has an absolute, indefeasible interest in the legacy or devise, is not bound to wait until the expiration of that period, but may require payment the moment he is competent to give a valid discharge. *Saunders* v. *Vautier*, 4 Beav. 115; *Josselyn* v. *Josselyn*, 9 Sim. 64; *Rhoads* v. *Rhoads*, 43 Ill. 252.

A devise or bequest of property to the testator's heirs at law, means those who are such at the time of his decease, unless a contrary intent is very obvious. 1 Redfield on Wills, 392; *Doe* v. *Lawson*, 3 East, 278; *Bird* v. *Luckie*, 8 Hare's Ch. 301; *Phillips* v. *Evans*, 4 DeG. & Sm. 188; 2 Jarman on Wills, 52; *Abbott* v. *Bradstreet*, 3 Allen, 587; *Smith* v. *Harrington*, 4 id. 566; *Knight* v. *Knight*, 3 Jones' Eq. 167.

A will is to be construed from all its parts, so as to give effect to every clause. *Bland* v. *Bland*, 103 Ill. 12.

Mr. Theodore Sheldon, for the appellee:

The words, "heirs at law," in the will, mean heirs at the time of the testator's death.   2 Jarman on Wills, 87; *Holloway* v. *Holloway,* 5 Ves. 399; *Abbott* v. *Bradstreet,* 3 Allen, 587; *Doe* v. *Lawson,* 3 East, 278; *Phillips* v. *Evans,* 4 DeG. & Sm. 188; *Williman* v. *Holmes,* 4 Rich. Eq. (S. C.) 475; *Nicoll* v. *Scott,* 99 Ill. 529.

Clause 8 should be construed with clause 7, and as based on the contingency of the death of both children without issue before the younger child reaches her thirtieth year, and operative only upon that contingency.   Under this construction the daughters took, at the testator's death, a vested estate in fee, determinable only upon their dying under the age specified. • 2 Redfield on Wills, *225, sec. 18; *Nicoll* v. *Scott,* 99 Ill. 529; *Illinois Land and Loan Co.* v. *Bonner,* 75 id. 315.

This same rule of construction applies whether the conveyance is direct or through trustees.   2 Redfield on Wills, *225, sec. 19; *Phipps* v. *Ackers,* 9 Cl. & Fin. 583; *Bland* v. *Williams,* 3 M. & K. 411.

The following are cases where immediate vesting has been allowed with postponed possession, even though the time limited for possession is beyond the boundary of perpetuity: *Dodson* v. *Hay,* 3 Bro. Ch. 405; *Montgomery* v. *Woodley,* 5 Ves. 522; *Bingley* v. *Brodhead,* 8 id. 416; *Kevern* v. *Williams,* 5 Sim. 171; *Blease* v. *Burgh,* 2 Beav. 221; *Doe dem. Cadogen* v. *Ewart,* 7 Ad. & Ell. 636; *Doe dem. Dolley* v. *Ward,* 9 id. 582; *Kirkland* v. *Cox,* 94 Ill. 400.

The cases in this State relating to perpetuities are *Rhoads* v. *Rhoads,* 43 Ill. 239, and *Waldo* v. *Cummings et al.* 45 id. 421.

An estate is held to vest at the earliest period possible, unless a contrary intent is clearly apparent.   *Doe* v. *Considine,* 6 Wall. 475.

It appears from the entire instrument that the word "vest," used in item 4, is to be taken in its popular and not its legal

sense.   Chief among such indications is the devise of the income secured to the donees in the meantime.   *Watson* v. *Hayes*, 5 M. & K. 125; *Belle* v. *Cade*, 31 L. J. 383; *Manice* v. *Manice*, 43 N. Y. 303.   Reference to the fund as "her share," so indicates.   *Berkeley* v. *Swinburne*, 16 Sim. 275; *Poole* v. *Bott*, 11 Hare, 33; *Walker* v. *Simpson*, 1 K. & J. 713; *Corneck* v. *Wadman*, L. R. 7 Eq. 80.   The devise over without issue of the daughters also so indicates.   *Taylor* v. *Frobisher*, 5 DeG. & Sm. 191.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

On the 16th day of December, 1856, George A. Robb, of Cook county, died testate, leaving a widow, Martha Robb, and two daughters, Mary P. and Nellie R. Robb, who were both, at the time, minors.   The will of the testator was admitted to probate in January after his death.   In the first clause of the will he directs the payment of his debts and funeral expenses.   In the second clause he gives to his wife his household furniture.   The third clause is as follows: "All the rest and residue of my property, real and personal, of which I may die seized and possessed, I hereby devise and bequeath to my beloved wife, Martha, and my respected friend, Gilbert Hubbard, jointly, and the survivor of them, in trust for the use and trusts hereinafter specified.   And I hereby constitute them, and the survivor of them, executors of this my last will and testament, and guardian of my infant children, Mary P. and Nellie."   The fourth clause was in the following words:   "The income, rents and proceeds of my said real and personal property, or so much thereof as may be necessary, my said executors and trustees, or the survivor, shall pay out and expend for the support of my said wife, and the support and education of my said children, until they or the survivor shall arrive at the age of twenty-one years, when one-third of two-thirds of my said property shall go to

and vest absolutely in each of my said children, or the survivor of them; but if at any time my said wife should marry, one-third only of the income and rents of my real estate shall be paid over to her during her life. When my said children, or the survivor, shall arrive at the age of thirty years, if my wife still survive, the remainder of said two-thirds of my property shall go to and vest in my said children equally, or in the survivor, and the issue of the deceased, if any exist, equally, or if both die leaving issue, then at such period as the youngest of my said children would have been thirty years of age the same shall vest in the issue of each of my children equally, the children taking a parent's share, and if both die without issue, then to my heirs at law; and in case my said wife shall die within thirty years from the birth of my youngest child, then at the expiration of said thirty years my whole property shall go to my heirs at law, and in case my wife die after my said children shall arrive at the age of thirty years, then said remaining third of my said property shall go and vest in the same manner as said two-thirds,— as said two-thirds are above devised and disposed of."

On the 10th day of February, 1876, the youngest of the children, Nellie Robb, (now Nellie Collins,) attained the age of twenty-one years. On the 5th day of June, 1876, Martha Robb, the widow, died, and appellants, Mary P. Lunt and Nellie R. Collins, daughters of deceased, claim that upon the death of the widow all the real and personal estate in the hands of Hubbard, sole acting trustee, under the will descended to and vested in them, and they became entitled to receive from Hubbard all of the real and personal estate of the deceased, although Nellie R. Collins, the youngest of the daughters, will not arrive at the age of thirty until February 10, 1885. This position is predicated upon the theory that the following clause of the will, "and in case my said wife shall die within thirty years from the birth of my youngest child, then at the expiration of said thirty years my whole property

shall go to my heirs at law," is void for remoteness, being in conflict with the rule of law for the prevention of perpetuities. If the provision of the will is obnoxious to the long settled and well established rules of law forbidding perpetuities, of course it can not be sustained. But is the will liable to the objection urged against it?

In Bouvier's Law Dictionary, a perpetuity is defined to be a limitation taking the subject thereof out of commerce for a longer period of time than a life or lives in being, and twenty-one years beyond, and in case of a posthumous child a few months more, allowing for the time of gestation. This rule was approved by this court in *Waldo* v. *Cummings*, 45 Ill. 421. In 2 Washburn on Real Prop., page 652, the author defines a perpetuity in the following language: "Grants of property wherein the vesting of an estate or interest is unlawfully postponed." Was the vesting of this estate unlawfully postponed, as declared by Washburn, or was this property taken out of commerce by the provisions of the will for a longer period than a life or lives in being, and twenty-one years longer, so as to bring the will within the rule given by Bouvier? This will depend upon whether the estate vested in the daughters. If the title to the property became vested in the two daughters upon the death of the testator, with the full enjoyment thereof postponed to a future day, the will would not be regarded obnoxious to the rule of law for the prevention of perpetuities. The important inquiry then is, whether the title to the property, under a proper construction of the will, became vested in the two daughters upon the death of the testator.

In 1 Jarman on Wills, page 734, it is said: "Where a testator devises lands to trustees until A shall attain the age of twenty-one years, and if or when he shall attain that age then to him in fee, this is construed as conferring on A a vested estate in fee simple, subject to the prior chattel interest given to the trustees, and, consequently, on A's death under

the prescribed age, the property descends to his heir at law, though it is quite clear that a devise to A if or when he shall attain the age of twenty-one years, standing isolated and detached from the context, would confer a contingent interest only."

In 2 Redfield on Wills, p. 225, sec. 18, it is said: "Where, therefore, the devise is to a person when or if he shall attain a certain age, or at a certain age, this, standing alone, would be contingent; yet if followed by a limitation over if he shall die before a certain age, this is regarded as explanatory of the nature of the estate which it was intended the devisee should take upon arriving at the age named,—*i. e.*, that it should then become absolute and indefeasible. The interest, therefore, in such cases is held to vest upon the decease of the testator, and the devise over always supplies an argument in favor of the prior devisee taking a vested interest. Where the devise over is made dependent upon the first devisee dying before he became of age, or without issue, or any similar event, it is considered that the devise is equivalent to a provision that the first donee shall take an immediate vested interest, liable to be defeated by the happening of the contingency named, or if it does not happen, the estate then to become absolute and indefeasible."

The doctrine announced in Jarman and Redfield was approved by this court in *Illinois Land and Loan Co.* v. *Bonner,* 75 Ill. 315. *Bland* v. *Williams,* 3 M. & K. 411, is also an authority in point. In the case as reported there was a bequest to the trustees to apply so much of the income as may be necessary for the support and education of the children of the testator's daughter until they should respectively attain the age of twenty-four, and then to divide the principal equally between them, with a gift over in case any of them should die under twenty-four without issue. It was held that the provision was not void as being too remote, but gave a present vested interest with an existing bequest over in case

of death under twenty-four without issue.    The same rule is announced in *Smither* v. *Wallack*, 9 Ves. 233, *Peyton* v. *Berry*, 2 P. Wms. 626, and *Mankin* v. *Phillipson*, 3 M. & K. 257. *Gilman* v. *Reddington*, 24 N. Y. 1, although predicated somewhat upon the statute of New York, may be regarded as a case in point.    In that case the trustees were required by the will to pay, convey or make over the real and personal estate, upon the death of the two younger children or the expiration of thirty years, to the survivors of such children, or the issue then living of such as might be dead, in equal proportions, the issue to take the share of the parent, with a substitutional limitation in favor of other persons.    The court held that the children took a vested fee determinable as to each upon his dying without issue within the prescribed period.

But to return to the fourth provision of the will.    Upon a close and careful examination of each of the various clauses, and a consideration of the one clause in connection with the others, which is the correct mode to arrive at the true intent of the testator, we think it apparent there was a limitation over, as declared by Redfield, and the estate became vested at the death of the testator, with the enjoyment deferred until such time as the youngest daughter would attain the age of thirty.    The great object in the construction of wills is to arrive at the intention of the testator, and when that can be ascertained from the terms of the instrument, such a construction should be placed upon it as will carry out that intention, unless in so doing some well known rule of law will have to be disregarded.    It will not do to single out one clause of a will, as has been done here in regard to clause 8, and say that such a clause, when standing alone, is void.    Clause 8 must be construed in connection with clause 7.    Clauses 4, 5, 6, 7 and 8 read as follows:    (4) "When my said children, or the survivor, shall arrive at the age of thirty years, if my wife still survive, the remainder of said two-thirds of my property shall go to and vest in my said children equally,

(5) or in the survivor, and the issue of the deceased, if any exist, equally, (6) or if both die leaving issue, then at such period as the youngest of my said children would have been thirty years of age the same shall vest in the issue of each of my children equally, the children taking a parent's share, (7) and if both die without issue, then to my heirs at law, (8) and in case my said wife shall die within thirty years from the birth of my youngest child, then at the expiration of said thirty years my whole property shall go to my heirs at law."

It will thus be seen that clauses 7 and 8 are separated merely by a comma, and it is claimed by appellee that the word "and," in the connection in which it is used, should be understood as meaning, "and in addition to the foregoing." The construction contended for we believe to be correct. Under this construction the death of the wife while both children were living did not accelerate the possession of the property, nor did it terminate the trust which had devolved upon the trustees, but by the plain terms of the will the property, except two-ninths, which passed to each of the daughters when the younger one arrived at the age of twenty-one years, would remain in the hands of the trustees until the youngest daughter arrived at the age of thirty, when the two daughters would be entitled to a division. This construction also carries out the obvious intention of the testator, and leaves every provision of the will in full force and effect. Upon a careful inspection of the terms of the will the intention of the testator seems to have been, first, to provide for the support of the wife and the two daughters until the younger daughter should arrive at the age of twenty-one years, when one-third of two-thirds of the property should vest absolutely in each of the daughters; second, to confer a life estate in one-third of the real property in the wife during life, for her support; and third, to defer a final division of the estate until the youngest daughter should be thirty years of age, when, if the

wife should still be living, the remainder of the two-thirds should go to the daughters equally, or the survivor and issue of the deceased, if one should be dead, and in case the wife should die before the youngest daughter attained the age of thirty, as she did, then the whole estate should be divided in like manner as the remaining *two-thirds*.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*