## Richard Hellwig et al., Executors,
## v.
## Joseph Bachman.

*Wills—Devise of Lands for Years—Death of Devisee—Estate for Years.*

1. A devise of lands to one to have, use and hold for a certain number of years succeeding the death of the testator, creates an absolute estate for years, or chattel real, which passes to the personal representatives of the devisee, and not a conditional estate for years to end in the event of his death before its expiration.

2. An estate for years is inferior to a life estate in respect to quality, but not necessarily in respect to quantity or value.

[Opinion filed March 20, 1888.]

Appeal from the Circuit Court of Woodford County; the Hon. S. S. Page, Judge, presiding.

In connection with this case see the following and related case of Jacquat v. Bachman.

Peter Kennell died testate on the 3d day of November, 1885, leaving a wife, but no children. By his last will and testament he gave and bequeathed to his wife, Barbara Kennell, all his personal property, and devised to her certain town lots in fee, and a certain tract of land containing eighty acres, for life. In addition to this, his will disposed of certain other lands, 186 5-6 acres, as follows:

"Third. I give and bequeath to my said wife, Barbara Kennell, to have, use and to hold for the period of six years from March 1st succeeding my death, the following described lands, to wit (describing said 186 5-6 acres), and at the end of six years from the 1st day of March succeeding my death said lands in this clause named shall pass into the possession and control of my brother-in-law, Joseph Bachman, to whom I devise the lands in this clause described in fee simple, subject to the right of my wife to use the same for six years from March 1st following my death as aforesaid."

The said Barbara Kennell died testate on the 25th day of September, 1886. By her will Hippolyte Jacquat, one of the appellants, was appointed sole executor, and qualified as such. The seventh clause of her will was as follows:

"If my executor is entitled to collect the income of said lands devised to me by my late husband, to have for six years from his death, the same as I would be should I live, then it is my will that he pay one-half of such income so collected to my niece, Louisa Jacquat, and that the remaining one-half be equally divided among nephews and nieces hereinbefore specifically named."

The suit at bar was ejectment by Joseph Bachman, mentioned in the third clause of the will of Peter Kennell, against Hippolyte Jacquat, executor of Barbara Kennell, and Richard Hellwig, his tenant, to recover possession of a portion of the land included in the 186 5-6 acres above mentioned.

Upon a trial without a jury, in the Woodford Circuit Court, the court found the issue for Bachman, appellee, and that he was entitled to possession, and rendered judgment on such findings against Jacquat, executor, and Hellwig.

Messrs. W. L. ELLWOOD and W. S. GIBSON, for appellants.

An estate for years, or a term for years, may be created by devise. Greenleaf's Cruise on Real Property, Vol. 3, p. 327; Cooley's Blackstone, Vol. 1, p. 421, note; Carter v. Barnardiston, 1 P. Wms. 509; Hitchens v. Hitchens, 2 Vern. 404; Doe v. Simpson, 5 East, 171; Rhoads v. Rhoads, 43 Ill. 239; Blanchard v. Maynard, 103 Ill. 60.

An estate for years is a chattel real. 1 Crabbe on Real Property, pp. 6 and 7; Williams on Executors, 568; 2 Redfield on Wills, 127; Willenborg v. Murphy, 36 Ill. 344; Thornton v. Mehring, 117 Ill. 55. A chattel real goes to the executor or administrator, or may be disposed of by devise. 1 Crabbe on Real Property, 7; Williams on Executors, 568. An estate for years descends to the executor or administrator. Greenleaf's Cruise on Real Property, Vol. 1, p. 246, Sec. 24; 4 Kent, 93.

The plain and unambiguous words of the will must prevail,

and are not to be controlled or qualified by any conjectural or doubtful constructions growing out of the situation, circumstances or condition, either of the testator, his property or family. 1 Redfield on Wills, 429, 430; Illinois Land & Loan Co. v. Bonner, 75 Ill. 315. "Where the testator in the disposition of his property, overlooks a particular event, which, had it occurred to him, he would in all probability have provided against, the court will not rectify the omission by implying or inserting the necessary clause, conceiving it would be too much like making a will for the testator rather than construing that already made." 2 Roper on Legacies, 1464; Illinois Land & Loan Co. v. Bonner, 75 Ill. 315.

Messrs. N. E. Worthington and George T. Page, for appellee.

The controlling principle in construing wills, is to give effect to the intent of the testator, and technical words should not prevail against this. Kennedy v. Kennedy, 105 Ill. 350; Caruthers v. McNeill, 97 Ill. 256; Rountree v. Talbot, 89 Ill. 246; Schouler on Wills; Secs. 466, 467; Nightingale v. Sheldon, 5 Mason, 336; Shriver v. Lynn, 2 How. 43.

Intention should prevail even over express words. Smede v. Bell, 6 Pet. 63; Corrigan v. Kiernan, 1 Brad. 208; Welsch v. Belleville Savings Bank, 94 Ill. 191; Wright v. Dunn, 10 Wheat. 204; Bartlett v. King, 12 Mass. 537; Ruston v. Ruston, 2 Dall. 244; Stephens v. Cross, 27 Ill. 35.

The whole of a will is to be construed together, irrespective of the form of particular expressions, in order to arrive at the intention of the testator. 1 Jarman on Wills, 412; Siegwald v. Siegwald, 37 Ill. 430; Boyd v. Strahan, 36 Ill. 355; Bergan v. Cahill, 55 Ill. 160; Redfield on Wills, Part 1, 174; Hamline v. U. S. Express Company, 107 Ill. 443; Johnson v. Johnson, 98 Ill. 564; Lunt v. Lunt, 108 Ill. 307; Bland v. Bland, 103 Ill. 11; Osborn v. Jefferson National Bank, 116 Ill. 130; Banta v. Boyd, 118 Ill. 186; Schouler on Wills, Sec. 468.

Courts will change or mould language so as to give intention effect. Stephens v. Cross, 27 Ill. 35; Schouler on Wills, Sec. 477; 1 Jarman on Wills, 499, 503; 2 Jarman on Wills,

843; Cox v. Britte, 22 Ark. 567; Metcalf v. Farmingham Parish, 128 Mass. 370; Cleland v. Waters, 16 Ga. 496.

When a term for years is created for a particular purpose, when that purpose is accomplished, the termor is treated as a trustee for the owner of the fee. Williams on Executors, 2 Am. Ed., Vol. 2, 1193, cited in 1 Jarman on Wills, 95.

BAKER, J. There seems to be but little room for construction in the third clause of the will of Peter Kennell, deceased. The primary and controlling principle in construing a will, is to ascertain and give effect to the intent of the testator. Here his words are plain, clear and unambiguous, and the literal terms used, whether regarded in their technical sense or in their general and popular sense, involve no inconsistency, uncertainty or absurdity. Barbara Kennell took by that clause an estate for years, commencing on the 1st day of March, 1886, and ending with the last day of February, 1892. This estate was a chattel real, and on the death of Barbara, in September, 1886, it vested in Hippolyte Jacquat, her executor, and under the seventh clause of her will the executor held, and still holds it in trust, to collect the income from said lands until the end of the term, and divide and pay such income as directed by his testatrix.

The last sentence of said third clause is not inconsistent with, nor does it limit or qualify the preceding sentences of the clause; on the contrary, by the use of the concluding words "as aforesaid," it expressly adopts and re-affirms the antecedent matter. If it had been the intention of Peter Kennell to give to his wife a conditional estate for years, to end in the event she died prior to the expiration of the term of six years, it must be presumed he would have so provided in his will. The courts do not assume to make wills for dead men; they merely interpret the wills they have made for themselves. In this case we find nothing either in the will or in the evidence *dehors* the will to indicate the testator had any intention to do otherwise with his property than was plainly expressed in his will. The argument of counsel for appellees is based upon the merest surmises, and the authorities they cite are good enough law, but have no application to the case.

A fair statement of the principal claim of appellee is, in substance, this: An estate for years is inferior to an estate for life, therefore, when the donee of an estate for years dies before the expiration of the term given, the estate for years is thereby terminated, and this—because otherwise an estate for years would be superior to an estate for life. This argument is radically unsound, both in its premises and conclusion. An estate for years is inferior to a life estate in respect to quality only, and not necessarily in respect to quantity or value. One in whom an estate for life is vested, is a freeholder; but one to whom is given or conveyed a term of 500 years is only a tenant for years.

The question here is, what the estate and interest of Barbara Kennell in the premises in controversy actually were; and it is wholly immaterial that she may have felt uncertain what her legal rights were under the will of her deceased husband, in respect to whether or not her executor would be entitled to hold the land till the end of the term, and collect the rents.

The findings and judgment of the trial court were erroneous. Appellee has no right of action. The judgment is reversed and the cause remanded.

*Reversed and remanded.*