LORENA HAMILL BUSH *et al.* Appellants, *vs.* ELDON HAM-
ILL *et al.* Appellees.

*Opinion filed April 20, 1916.*

1. PARTITION—*when a vested estate subject to condition subse-
quent may be partitioned.* The estate of one who has a vested in-
terest subject to be defeated by his death before his majority is
subject to partition.

2. WILLS—*gift of income indicates intention that devise shall
vest at once.* Though time be annexed to the substance of the gift
and not merely to its payment, yet if the income, by way of main-
tenance or otherwise, be given to the devisee, the devise is vested
unless other circumstances appear to prevent the vesting.

3. SAME—*when a devise to one attaining certain age is vested
subject to a condition subsequent.* A devise of real estate to one
when he shall attain a certain age, with a devise over dependent
upon the first devisee's death before attaining that age, is not sub-
ject to the condition precedent that the devisee shall attain the age
fixed, but creates a vested estate, subject to a condition subsequent.

4. SAME—*what indicates intention that estate shall vest at once.*
The severance of the subject matter of a devise from the rest of
the estate for the benefit of the devisee by the creation of a trust
and a direction to pay the rents and profits to him until he attains
the age of twenty-one years, at which time the trust shall cease and
the property become his in fee simple, indicates an intention that
the estate shall vest at once and payment, only, be postponed, not-
withstanding there is a devise over in case he shall die before he
attains his majority.

APPEAL from the Circuit Court of Putnam county; the
Hon. T. N. GREEN, Judge, presiding.

GEORGE W. HUNT, for appellants.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court sustained a demurrer to a bill for the
partition of eighty acres of land in Putnam county and dis-
missed the bill for want of equity, and the complainants
have appealed.

Thomas Hamill, who owned the land in his lifetime,
died testate on April 12, 1898. He devised all his real es-

tate to his wife for life. Subject to the life estate he de-
vised the undivided three-fourths of all his real estate to
his three children, Charles Hamill, Henry Hamill and Rena
Hamill. The fifth, sixth and seventh clauses of his will
are as follows:

"*Fifth*—I give to my son Charles Hamill the undivided
one-fourth of all the real estate I may own at my decease,
in trust for the following purposes: In trust for the pur-
pose of collecting and receiving the rents and profits of
said real estate after the death of my wife and paying the
same to the person having the care and custody of Eldon
Hamill, son of my deceased son, Thomas Hamill, until he
shall have attained the age of twenty-one years, unless said
real estate should be sold before that time; and in case
said real estate mentioned in this clause of this will shall
be sold before my said grandson attains the age of twenty-
one years, then it is my will that the interest and income
of the proceeds thereof be paid to the person having the
care and custody of my said grandson until he attains his
majority.

"*Sixth*—In case my said grandson lives to attain the
age of twenty-one years, it is my will that said undivided
one-fourth of my real estate shall become his property in
fee simple, and in case said real property shall have been
sold prior to his attaining his majority, then it is my will
that the proceeds of said real estate be paid to him as ab-
solute property.

"*Seventh*—In case my said grandson, Eldon Hamill,
should die before attaining the age of twenty-one years,
then it is my will that said last mentioned undivided one-
fourth of my real estate, or the proceeds thereof in case
the same shall have been sold, shall be divided among the
heirs of my body in accordance with the laws of descent
now in force in the State of Illinois."

The widow died, and thereupon the three children, the
devisees of the undivided three-fourths of the remainder,

filed this bill against the grandson named in the fifth clause, and his guardian..

One of the causes for demurrer alleged was, that it appears from the bill that no joint tenancy, tenancy in common or in co-parcenary exists between the complainants and defendants. The fifth clause of the will devised the legal title of the undivided one-fourth of the real estate to Charles Hamill until Eldon Hamill should attain the age of twenty-one years, unless the real estate should be sold before that time. No power of sale was given to the trustee and he was not required to convey the title. In case the grandson lived to be twenty-one it was directed that the real estate should become his property in fee simple. In case he died before attaining the age of twenty-one it was directed that the undivided one-fourth of the real estate should be divided amongst the heirs of the testator's body in accordance with the laws of descent of the State of Illinois. So far as the fifth clause is concerned, the devise given by it is absolute, and since the widow is dead the grandson has a fixed, equitable right to have the rents and profits of the undivided one-fourth of the real estate paid for his benefit, until he shall have attained the age of twenty-one years, to his guardian. This right is a present vested interest in the land. The trust, however, is limited to the time when the grandson shall attain the age of twenty-one or shall die before that event. In either case the legal estate is disposed of by clauses 6 and 7 of the will,—in the one event to the grandson, in the other to the testator's heirs. The important question to be determined is whether the devise to the grandson contained in the sixth clause of the will is vested or contingent. The language, "in case my said grandson lives to attain the age of twenty-one years," is in the form of a condition precedent and indicates that the element of futurity is annexed to the substance of the gift of the property. But there are two circumstances which prevent this construction. The

gift of the income indicates the intention that the devise shall vest at once. (*Mettler* v. *Warner,* 243 Ill. 600; *Carter* v. *Carter,* 234 id. 507; *Armstrong* v. *Barber,* 239 id. 389; *Cropley* v. *Cooper,* 19 Wall. 167.) Though time be annexed to the substance of the gift and not merely to its payment, yet if the income, by way of maintenance or otherwise, be given to the devisee, the devise is vested unless other circumstances appear to prevent the vesting. *Provencher's Appeal,* 67 Pa. St. 463; *Tucker* v. *Bishop,* 16 N. Y. 402.

The severance of the subject matter of the devise from the rest of the estate for the benefit of the beneficiary by the creation of a trust and the direction to pay the rents and profits to him indicates the intention of the testator that the estate shall vest at once, and the devisee shall have the estate at all events and wait only for payment until he shall have reached the required age. *Bennett* v. *Bennett,* 217 Ill. 434; *Warner* v. *Durant,* 76 N. Y. 133; *Middleton's Estate,* 212 Pa. 119; *Bowman* v. *Long,* 23 Ga. 242; *Nelson* v. *Pomeroy,* 64 Conn. 257; *Hooker* v. *Bryan,* 140 N. C. 402.

The rule is established that a devise of real estate to one when he shall attain a certain age, with a devise over dependent upon the first devisee's death before attaining that age, or without issue, or under any similar condition, is not subject to the condition precedent that the devisee shall attain the age fixed but creates a vested estate, subject to a condition subsequent by the happening of which it may be divested. (*Doe ex. dem. Hunt* v. *Moore,* 14 East. 601.) The rule is thus stated in Jarman on Wills (vol. 1, 6th Am. ed. p. 778): "Where a testator devises lands to trustees until A shall attain the age of twenty-one years, and if or when he shall attain that age then to him in fee, this is construed as conferring on A a vested estate in fee simple, subject to the prior chattel interest given to the trustees, and, consequently, on A's death under the prescribed age the property descends to his heir-at-law, though

it is quite clear that a devise to A if or when he shall attain the age of twenty-one years, standing isolated and detached from the context, would confer a contingent interest, only." The same doctrine is announced in 2 Redfield on Wills, 224, and was applied in the cases of *Lunt* v. *Lunt,* 108 Ill. 307, and *Illinois Land and Loan Co.* v. *Bonner,* 75 id. 315.

Eldon Hamill has a vested estate in the undivided one-fourth of the land, subject to be defeated by his death before his majority. Such an estate is subject to partition. *Askins* v. *Merritt,* 254 Ill. 92; *Pitzer* v. *Morrison,* 272 id. 291.

The court erred in sustaining the demurrer to the bill, and its decree will be reversed and the cause will be remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*