GUSS A. PARRISH *et al.* Appellants, *vs.* FRANKIE PARRISH *et al.* Appellees.

*Opinion filed October 22, 1927.*

1. WILLS—*when unexpired term of years passes as chattel interest to personal representatives.* Where a devisee is given certain land for the term of fifteen years after the testator's death, with a provision that if the devisee die leaving heirs of his body before the expiration of said term such heirs shall take the estate in fee, the death of the devisee without heirs of the body is not a fulfillment of the condition of defeasance, and in the event of such death before the expiration of the term of years the balance of the term will go to the devisee's personal representatives as a chattel real if there is no contrary intention appearing from the will.

2. SAME—*estate will vest at testator's death unless contrary intention is clearly shown.* Estates devised will vest in interest at the death of the testator unless some later time for their vesting is clearly expressed by the words of the will or is necessarily implied.

3. SAME—*when fee vests at testator's death subject to defeasance within term of years.* Where a testator gives his son certain land for the term of fifteen years after his death, with a provision that in the event of the son's death leaving heirs of the body within said period the estate shall go to the heirs of the body in fee, with a further provision that the fee shall vest in the son at the end of fifteen years, the fee will vest in the son at the testator's death as a base fee, subject to defeasance on the happening of the condition, as the postponement is for the sole purpose of the devise over to the heirs of the body, and where the son dies within the fifteen-year period but leaves no heirs of the body the fee will descend to his heirs-at-law.

APPEAL from the Circuit Court of Warren county; the Hon. WILLIS F. GRAHAM, Judge, presiding.

FRED O. PARRISH, CHARLES E. LAUDER, and FREDERICK H. LAUDER, for appellants.

L. H. HANNA, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Upon a bill filed by Guss A. Parrish and Charles E. Parrish, individually and as executors and trustees under the will of Parker R. Parrish, deceased, for the construction of the testator's will, the circuit court of Warren county entered a decree construing the will and finding and decreeing that by its terms title to the northeast quarter of the northeast quarter of section 4, township 9 north, range 3 west of the fourth principal meridian, vested in John O. Parrish in his lifetime and upon his death descended to his heirs. The complainants have appealed from this decree.

Parker R. Parrish died on March 2, 1911, leaving a will, which was admitted to probate. His heirs were three sons, three daughters, and three grandchildren, the children of a deceased son. The following are the parts of his will to be considered in this case:

"*Third*—I give, devise and bequeath to my son, John O. Parrish, the N½ of E½ of NE¼ of Sec. 4 Twp. 9 N, Rng. 3, W. 4th P. M. in Warren county, containing forty acres more or less, to have and to hold for his own proper use and benefit for and during the period of fifteen years after my death, and should my son, John O. Parrish, die within the period of 15 years after my death shall descend to the heirs of his body, they to share and share alike. * * *

"*Fifth*—I give and devise to my son, Charles E. Parrish the E½ of NW¼ of NW¼ of Sec. 3 Twp. 8 N., Rng 3, W. 4 P. M. in Warren county containing 20 acres more or less, to have and to hold to him for his own proper use and benefit, for and during the period of 15 years after my death, and in case my son, Charles E. Parrish should die during that fifteen years, then I direct that the land hereinbefore bequeathed to him shall descend to the heirs of his body, they to share and share alike. * * *

"*Sixth*—I give and devise to my daughter, Nora B. Crandal, the W½ of NW¼ of NW¼ Sec. 3, Twp 9 N.

Rng 3 W, 4 P. M. in Warren county, containing 20 acres more or less for her own proper use and benefit for and during the period of 15 years after my death, and should my daughter Nora B. Crandal die within the period of 15 years after my death then, I direct that the land herein bequeathed to her shall descend to the heirs of her body, they to share and share alike.

"*Seventh*—I give and devise to my daughter, J. Ida Parrish the N½ of SW¼ of NW¼ of Sec. 3, Twp. 9 N. Rng 3, W. 4 P. M. in Warren county, containing 20 acres more or less, to have and to hold to her for her own special use and benefit for a period of fifteen years after my death, provided if my said daughter, J. Ida Parrish, should die during the period of 15 years after my death, then the land herein devised to her to descend to the heirs of her body, they to share and share alike, provided that if my said daughter, J. Ida Parrish should die without issue of her body, living, then in that case, I direct that the land herein devised to her shall descend to her brothers and sisters, they to share and share alike.

"*Eighth*—I give and devise to my daughter Effie E. Lind, the S½ of SW¼ of NW¼ of Sec. 3 in Twp 9, Rng. 3, W. of 4th P. M. in Warren county, Illinois, containing twenty acres more or less, to have and to hold for her proper use and benefit for a period of 15 years after my death and should my daughter Effie E. Lind die during the period of 15 years after my death then it is my will that the land herein devised to her shall descend to her brothers and sisters, they to share and share alike.

"*Ninth*—I direct that after the period of 15 years from the date of my death, that all the lands I herein have bequeathed to my sons and daughters namely: John O. Parrish, Chas. E. Parrish, Nora B. Crandal, J. Ida Parrish and Effie E. Lind, the fee shall immediately vest in them severally, as in this my will bequeaths to each of them and they to have the power to sell and convey the same at will.

"*Twelfth*—After the payment of my debts and funeral expenses and the money legacies heretofore bequeathed, I direct my executors, hereinafter named to sell all the rest, residue and remainder of my estate either real, personal or mixed not otherwise disposed of by this will, of whatsoever kind or character and all the residue and remainder of my estate after the payment of my funeral expenses, just debts and the money legacies herein bequeathed together with the provision for the monument, that the remainder to be divided equally among my sons and daughters to-wit:  Guss A. Parrish, Charles E. Parrish, John O. Parrish, Nora B. Crandal, J. Ida Parrish and Effie E. Lind, they to share and share alike and in case should any of my children die before that time leaving no heirs of their body then and in that case the same be divided equally between the surviving brothers and sisters.

"*Thirteenth*—For the satisfaction of my heirs and to explain to them why I have given to my said son John O. Parrish more land than I did to the others, would say that my sons Guss A. Parrish and Willard Parrish, now deceased, in his lifetime received their mother's portion of their grandfather, Elijah Godfrey's estate, also that I have heretofore sold to my sons Guss A. Parrish, Willard Parrish and Chas. E. Parrish lands at the time of sale for less than the fair market price at that time, intending to make them a home here also intending in the future to sell to my son John O. Parrish, lands in the same proportion but that he has never been in a financial condition to enable him to purchase lands; also during his lifetime and since his death of my son Willard Parrish I have paid out various times large amounts of indebtedness for him and this is why I do not give to the children of said Willard Parrish more property than is expressed in my will."

By these paragraphs of his will the testator devised to his son John forty acres of land and to each of his other living children, except Guss, twenty acres, upon substan-

tially similar terms, with provisions varying somewhat in case of death of the devisees within fifteen years. In addition, by the fourth paragraph he devised to Guss twenty acres in fee; by the fifth, to Charles a lot in the northeast quarter of section 11 in fee; by the tenth, a lot in the city of Monmouth, which was his home, to his three daughters in fee; and by the eleventh, $200 each to his three grandchildren. Upon the testator's death John O. Parrish went into possession of the forty acres devised to him. He died intestate on November 18, 1925, leaving a widow, Frankie Parrish, but no heirs of his body, his only child, a daughter, Mildred, born on November 5, 1903, having died on April 4, 1912.

The appellants contend that upon the death of John O. Parrish within fifteen years after the testator's death his estate terminated and the land was subject to sale and distribution under the twelfth paragraph of the will, while his widow, the appellee Frankie Parrish, contends that he took under the will a fee simple, which descended to his heirs.

The third paragraph of the will gave John O. Parrish an estate for years in the forty acres for the term of fifteen years, which was defeasible only upon the condition that he should die during the term, and in that case the real estate was limited to descend to the heirs of his body. This condition could become operative only in the event of his death during the term, leaving heirs of his body. His death, alone, could not defeat the estate for the definite term of fifteen years given him by the will, and upon his death leaving no heirs of his body, the estate, which was a chattel real, passed, the same as other personal property, to his administrator. "It is scarcely necessary to observe," says Jarman in his work on Wills, (vol. 2, p. 577,) "that a bequest for a term of years or other personal property in the language of an estate tail may be made defeasible on a collateral event in the same manner as any other bequest carrying the whole interest." In Tiffany on

Real Property (vol. 1, 2d ed. p. 587,) it is said: "If an executory limitation fails for any reason to take effect, either because originally invalid because the objects thereof never come into existence, or for other reasons, the preceding estate will, according to the decisions in this country, continue in the first taker, according to its original limitation, unless a contrary intention on the part of the testator appears." The devise over having failed because no beneficiary existed at the time of the death of the tenant for years the term continued in the first taker, not having been divested by the happening of the condition. We have not had this question before us in any previous case, but in the Appellate Court for the Second District the precise question arose in two cases involving the same will, and it was held that the will created an absolute estate for years, or chattel real, which passed to the personal representatives of the devisee, and not a conditional estate for years, to end in the event of his death before its expiration. (*Hellwig* v. *Bachman,* 26 Ill. App. 165; *Jacquat* v. *Bachman,* id. 169.) We are in accord with the view of the law expressed in the opinions in those cases.

The testator having by the third paragraph of his will devised an estate for years to his son, added to this gift, by the ninth paragraph, the direction that after the period of fifteen years from his death the fee of the land should immediately vest in John O. Parrish, who should have the power to sell and convey the same at will. By the two provisions John O. Parrish was given an estate for years, which is a part of the fee, and after the expiration of the term a fee simple absolute, all subject to be defeated by his death during the term of years leaving heirs of his body. The two provisions, when considered together, are similar to a gift of the income of real estate for the use of an infant during his minority, followed by a gift of the fee when or if he attains the age of twenty-one years. Quoting again from Jarman on Wills, it is stated (vol. 1, 5th ed.

p. 805) : "The construction which reads words that are seemingly creative of a future interest as referring merely to the futurity of possession occasioned by the carving out of a prior interest and as pointing to the determination of that interest and not as designed to postpone the vesting, has obtained in some instances where the terms in which the posterior gift, as framed, import contingency and would, unconnected with and unexplained by the prior gift, clearly postpone the vesting. Thus, where a testator devises lands to trustees until A shall attain the age of twenty-one years, and if or when he shall attain that age then to him in fee, this is construed as conferring on A a vested estate in fee simple, subject to the prior chattel interest given to the trustees, and, consequently, on A's death under the prescribed age the property descends to his heirs-at-law, though it is quite clear that a devise to A if or when he shall attain the age of twenty-one years, standing isolated and detached from the context, would confer a contingent interest only." The doctrine thus stated by Jarman was adopted and applied in *Lunt* v. *Lunt,* 108 Ill. 307, and *Illinois Land and Loan Co.* v. *Bonner,* 75 id. 315, and was later approved in *Carter* v. *Carter,* 234 id. 507, and *Bush* v. *Hamill,* 273 id. 132. The reason for this rule is thus stated by Jarman (vol. 1, p. 807) : "It is observable that in the greater number of the cited cases the prior interest was created for the benefit of the ulterior devisee; but this circumstance does not seem to vary the principle, for the material fact, and that which constitutes the special characteristic of this class of cases, is, that there is a prior interest extending over the whole period for which the devise in question is postponed. It is therefore, in effect, a devise of the whole estate instanter to B, with the exception of a partial interest carved out for some (no matter what) purpose." The same doctrine is stated in Redfield on Wills, 225, as follows: "Where, therefore, the devise is to a person when or if he shall attain a certain age or at a certain age, this,

standing alone, would be contingent; yet if it be followed by a limitation over if he shall die before a certain age, this is regarded as explanatory of the nature of the estate which it was intended the devisee should take upon arriving at the age named,—*i. e.*, that it should then become absolute and indefeasible. The interest, therefore, in such cases is held to vest upon the decease of the testator. And the devise over always supplies an argument in favor of the prior devisee or devisees taking a vested interest. Where the devise over is made dependent upon the first devisee dying before he come of age, or without issue, or any similar event, it is considered that the devise is equivalent to a provision that the first donee shall take an immediate vested interest, liable to be defeated by the happening of the contingency named, or if it do not happen, the estate then to become absolute and indefeasible."

It has been said many times that estates devised will vest in interest at the death of the testator unless some later time for their vesting is clearly expressed by the words of the will or is necessarily implied. The appellants insist that the words of the will clearly express a manifest intention that the estate in fee shall not vest until fifteen years after the testator's death. The words of the ninth paragraph, standing alone, detached from any context, sustain this view. The question is, however, one of intention, to be determined from a consideration of the whole will. These words are not more definite in the expression of an intention to postpone the vesting of the fee than those of the sixth paragraph of the will in *Bush* v. *Hamill, supra,* "in case my said grandson lives to attain the age of twenty-one years," yet in that case the gift of the income to the grandson until he should attain the age of twenty-one years was deemed a sufficient circumstance to prevent that construction. In the present case there is not only a gift of the use and benefit of the property during the term of fifteen years before the devisee is to enter upon the full en-

joyment of his estate in fee, but there is a devise over, made dependent upon the first devisee dying before the expiration of the term of fifteen years leaving heirs of his body, which, under the doctrine announced by Jarman and Redfield, is equivalent to a provision that the first donee shall take an immediate vested interest, liable to be defeated by the happening of the contingency named, or, if it does not happen, the estate then to become absolute and indefeasible. The postponement of vesting in the will which we are considering was apparently for the sole purpose of the executory devise over to the heirs of the body of John O. Parrish during a period of fifteen years, rendering the fee base for that period, but the fee vested in John at the death of the testator, though it remained a base fee so long as a possibility existed that the condition might happen upon which the fee should be divested. That this was the purpose of the testator is shown by a consideration of other parts of his will. By the thirteenth paragraph he explained his gift of more land to John than his other children because of his intention to make John equal in the distribution of the estate with his brothers, who had already received lands in fee as in that paragraph shown, and he explained the amount of his bequests to his grandchildren by a similar reason. By paragraphs 3, 4, 5, 6, 7, 8, 9, 10 and 11 the testator sought to give effect to his intention expressed in paragraph 13. It is apparent that he intended to treat each of his children and devisees named in paragraphs 3, 5, 6, 7 and 8 equally and that each of them should have an estate in fee simple in the land devised to them, respectively, subject during the first fifteen years after his death to be defeated by the death of the respective devisee under the circumstances named in the will.

The decree of the circuit court properly construed the will, and it is affirmed.

*Decree affirmed.*