328

JOSEPH W. HOBLIT, Appellant, *vs.* CLAUDE C. HOWSER *et al.* Appellees.

*Opinion filed February 21, 1930.*

COVEY & WOODS, for appellant.

PETER MURPHY, for appellees.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellant, Joseph W. Hoblit, began an action of ejectment in the circuit court of Logan county against appellees, Claude C. and Dora E. Howser and Henry C. and Arthur W. Pech. At the close of the evidence the court directed a verdict in favor of appellees, and an appeal has been prosecuted to this court to review the judgment.

The sole question on this appeal is the construction of the will of Robert Pech, and particularly the third clause.

The testator died in 1910. By his will he left to his widow, Henrietta Pech, the use, rents, possession and profits of all of his real estate, to have and to hold during. her natural life. The third clause is as follows:

*"Third*—I give and bequeath to my daughter Dora E. Howser, (nee Pech) after the death of my wife, the follow-

ing real estate to-wit: [describing it,] to have and to hold in fee simple, provided however she lives to be fifty years of age, but in case she dies before becoming fifty years old then to her children, if any, if none, then to my other children, share and share alike, in fee simple.".

The seventh clause provides that all of the rest, residue and remainder of his property shall go to his five sons, naming them, share and share alike. The widow died in 1921. Dora E. Howser was born November 9, 1883. On May 13, 1922, she and Claude C. Howser, her husband, executed a mortgage of $1800 to Elizabeth Monnett on the premises in question. Default was made on the mortgage, a bill was filed in September, 1926, to foreclose it, and there was a decree of foreclosure. The property was sold to Frank Bivan, as executor of the will of Elizabeth Monnett, deceased. A certificate of purchase was issued to him, which he assigned to appellant, and a master's deed was issued to appellant. Appellant demanded possession of the property. After the demand Dora Howser and her husband took a lease on the premises for one year, at a rental of one dollar, from her brother, Henry C. Pech, who was one of the sons named in the seventh clause, and they refused to deliver possession, claiming the right to hold possession under the lease.

It is the contention of appellant that under the will Dora E. Howser had a base or qualified fee, subject to be divested upon her death under the age of fifty; that the condition contained in the third clause is a condition subsequent; that she took a vested interest in the property, which she subsequently mortgaged, and that appellant acquired good title to her interest under his master's deed. Appellees contend that the condition in the third clause is a condition precedent and she had no vested interest in the property, therefore the mortgage gave no lien on the property and the deed conveyed no interest.

In the interpretation of wills the intention of the testator must control. The whole will and all of its parts must be considered in order to ascertain that intention. (*Carlin* v. *Helm,* 331 Ill. 213; *McCormick* v. *Sanford,* 318 id. 544.) The law favors the vesting of estates and will construe the terms of a will as creating a vested estate, if possible. (*Dustin* v. *Brown,* 297 Ill. 499; *Power* v. *Power,* 296 id. 611; *Kellett* v. *Shepard,* 139 id. 433; *Scofield* v. *Olcott,* 120 id. 362.) An estate will vest at the death of the testator unless a later time for vesting is clearly expressed by the words of the will or by necessary implication therefrom. (*Carter* v. *Carter,* 234 Ill. 507.) There is no technical form of words by which the condition of a devise is determined. (*Jackson* v. *Knapp,* 297 Ill. 213; *Maguire* v. *City of Macomb,* 293 id. 441.) A vested remainder, whereby a vested interest passes to a party though to be enjoyed *in futuro,* is where the remainder is invariably fixed to a determinate person after the particular estate is spent. (*Wood* v. *Chase,* 327 Ill. 91; *People* v. *Allen,* 313 id. 156; *Calvert* v. *Calvert,* 297 id. 22.) A vested remainder is one where the estate is at any and all times ready to come into possession when the prior estate terminates. Whenever the person who is to succeed to the estate in remainder is in being and is ascertained, and the event which by express limitation will terminate the precedent estate is certain to happen, the remainder is vested. (*Carter* v. *Carter, supra.*) The law presumes that words of postponement relate to the enjoyment of the remainder rather than to the vesting thereof, and the intent to postpone the vesting of the estate must be clear and manifest. An estate limited upon a contingency to which the effect of a condition subsequent is given vests at once, subject to be divested upon the happening of the contingency. Where it is doubtful whether words of contingency or condition apply to the gift itself or to the time of payment or enjoyment, they will be construed as applying to

the latter. (2 Redfield on Wills, p. 248.) A contingent remainder is one limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event. (*Smith* v. *Chester,* 272 Ill. 428; 2 Blackstone, 168, 169.) It is an estate which is not ready to come into possession at any moment when the present estate may end. If the time of enjoyment, merely, is postponed and it appears to be the intention of the testator that his bounty shall immediately attach the devise is vested, but if the time be annexed to the substance of the gift as a condition precedent it is contingent and not transmissible. The uncertainty which distinguishes a contingent from a vested remainder is not the uncertainty whether the remainderman will live to enjoy the estate but whether he will ever have the right to such enjoyment. (*Carter* v. *Carter, supra; Harvard College* v. *Balch,* 171 Ill. 275.) Whether the condition is precedent or subsequent depends upon whether it is incorporated into the gift to or is descriptive of the remainderman or is added as a separate clause after words which have already given a vested interest. (*Ducker* v. *Burnham,* 146 Ill. 9; 20 Am. & Eng. Ency. of Law, p. 950.) Though time be annexed to the substance of the devise and not merely to its payment, yet if the income, by way of maintenance or otherwise, be given to the devisee, the devise is vested unless circumstances appear to prevent the vesting. *Bush* v. *Hamill,* 273 Ill. 132.

A devise to A if or when he shall attain the age of twenty-one years, standing isolated and detached from the context, will confer a contingent interest only. *Lunt* v. *Lunt,* 108 Ill. 307; *Illinois Land Co.* v. *Bonner,* 75 id. 315; 2 Redfield on Wills, p. 225.

A devise to a trustee until A shall attain the age of twenty-one years, and if or when he shall attain that age then to him in fee, is vested in A, and upon his death under the prescribed age the property descends to his heirs-at-law. *Carter* v. *Carter, supra; Lunt* v. *Lunt, supra; Bo-*

*roston's case,* 3 Coke, 19; .1 Jarman on Wills, 734; 2 Redfield on Wills, 224.

A devise to A when or if he attains a certain age, with a devise over dependent upon his death before he attains that age or without issue, or under any similar condition, is not subject to a condition precedent that the devisee shall attain the age fixed, but it creates a vested estate, subject to a condition subsequent, by the happening of which it may be divested. *Bush* v. *Hamill, supra; Lunt* v. *Lunt, supra; Illinois Land Co.* v. *Bonner, supra;* 2 Redfield on Wills, 225.

In Kales on Future Interests (2d ed. secs. 333-335) the following devises are held to be vested: (1) To A for life, remainder to B, an individual as distinguished from a class, if or when he shall attain a given age or at a given age, with a gift over in the event of his death under that age; (2) to A if or when he shall attain the age of twenty-one years, with a gift over in case he dies under that age; (3) to A for life, then to children of A as a class, at, when or if they attain the age of twenty-one years, with a gift over in default of children who attain the age of twenty-one years; (4) a devise to B for a term of years until A reaches the age of twenty-one years, and then to A when he attains that age. These holdings were cited with approval by this court in *Carter* v. *Carter, supra,* and *Bush* v. *Hamill, supra.* The author states, also, that where the remainder is to the children of A who shall attain the age of twenty-one years, with a gift over in default of children attaining that age, where the attainment of a given age is so explicitly made a part of the description of the devisees that the court is unable to say that there was not an expressed condition precedent to the taking effect of the remainder, the estate will be held to be contingent.

In this case, after the termination of the life estate the devise is to Dora E. Howser, to have and to hold in fee simple, provided, however, that she lives to be fifty years

old; if she does not, then to her children, if any; if none, to the children of the testator, share and share alike, in fee simple. The will creates no intermediate estate between the life estate of the widow and the time when Dora E. Howser attains the age of fifty years. No provision is made for the possession or for the disposition of the rents and profits of the land pending the two estates. If it had been the intention of the testator that the title should not vest in the daughter until she reached the prescribed age, it is reasonable to suppose that he would have made provision for an intermediate estate. The fact that he did not do so shows that he intended the estate to vest in the daughter. If he intended that the daughter should have the possession, rents and profits prior to arriving at the prescribed age, the remainder was vested and the daughter had a base or qualified fee, subject to being divested upon her death under the prescribed age. It is apparent that the daughter, when she executed the mortgage, thought she had title to the property, otherwise she would not have executed a mortgage on property to which she had no title. When the provisions of the will are considered as a whole, under the authorities above cited, the fee was vested in the daughter, the mortgage was a valid lien upon her interest, and under the foreclosure proceeding her title passed to appellant.

The judgment entered in favor of appellees was erroneous, and it is reversed and the cause remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*