FARLEY HOPKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52330. Promulgated February 28, 1933.

*Herbert Pope, Esq.,* and *Preston B. Kavanaugh, Esq.,* for the petitioner.

*C. A. Gwinn, Esq.,* for the respondent.

### OPINION.

ARUNDELL: The respondent determined a deficiency in income tax for the year 1927 in the amount of $39,239.39, all of which is here in controversy. The major issue involves the basis for gain or loss on the sale of stocks and bonds distributed to petitioner as remainderman under his grandfather's will. The facts were stipulated and we adopt, by reference, the stipulation as our findings of fact.

Petitioner's grandfather died testate on December 13, 1915. Under the will the residuary estate was left to trustees to invest and to pay one-half the income to the testator's wife (grandmother of the petitioner) for life, and the other half to his daughter (mother of the petitioner) during her life. Upon the death of either the grandmother or mother her share of the income was to be divided equally between petitioner and his brother, but they were to receive none of such income unless and until they respectively reached the age of twenty-five years. The trust property was to go to petitioner and his brother when they respectively attained the age of thirty years or as soon thereafter as the death of the mother and grandmother occurred, such distribution to be made one-fourth to each of the remaindermen upon the death of each of the life tenants, provided he had then reached the specified age.

Petitioner's mother died in 1923. Petitioner was thirty years old on February 9, 1926, and on that date the trustees distributed to him certain stock representing his one-quarter of the principal of the trust. The grandmother died on September 10, 1926, and on

that date the trustees distributed to petitioner his remaining one-fourth of the trust property.

In 1927 petitioner sold certain of the securities so distributed to him in 1926, and in his income tax return he used as a basis for determining gain or loss the value of the securities when received by him (except as to a block of Camel Company stock and the value of that has been stipulated).

Of the securities sold in 1927, one block of stock—the Camel Company stock—formed part of the estate of petitioner's grandfather at his death in 1915. As to that stock respondent held that the basis was the value at the date of the grandfather's death. The remainder of the securities sold in 1927 represented investments made by the trustees under the will. The respondent used as a basis for computing gain on the sale of these securities the cost thereof to the trustees.

Petitioner's assignments of error and argument under the first issue are directed entirely to the claim that value at the date of distribution in 1926 is the proper basis for determining gain or loss. At one point in the argument it is faintly suggested that petitioner's remainder interest was contingent during the existence of the life tenancies, but counsel for petitioner further state that in their opinion the character of the remainder is not decisive of the question before us. If this question is material our construction of the will is that it operated to vest the remainders at the time of the testator's death. See *Hoblit* v. *Howser*, 338 Ill. 328; 170 N. E. 257; *Isabel R. Molter*, 27 B. T. A. 442, and cases cited therein. Under the decided cases it must be held that the basic date; i. e., date of acquisition by petitioner, was the date of the testator's death. *Rodman E. Griscom*, 22 B. T. A. 979; *William Huggett*, 24 B. T. A. 669; *Chandler* v. *Field*, 58 Fed. (2d) 370; affd., 63 Fed. (2d) 13; *Isabel R. Molter*, *supra*. No question is raised as to the propriety of respondent's use of the value of the stock comprising the testator's estate at the date of death as distinguished from the value of petitioner's interest therein, nor as to his use of cost of the stock purchased by the trustees, and we do not pass upon these matters.

The remaining issue is whether the respondent correctly included in 1927 income certain dividends which were reported by petitioner as income received in 1928. These dividends—$38,250 from the Camel Company, $187.50 from each the American Radiator Company and the Youngstown Sheet and Tube Company—it is stipulated " were declared in 1927 and were payable December 31, 1927. The checks in payment of these dividends were mailed in 1927 and they were received by petitioner in January, 1928." Petitioner's income tax

return for 1927 was made on the cash receipts and disbursements basis.

The facts under this issue are on all fours with those in *Mary Miller Braxton*, 22 B. T. A. 128, in which we held that the dividends should be included in income for 1927, the year in which they were declared and payable. See also *Commissioner* v. *Bingham*, 35 Fed. (2d) 503; *Effie B. Shearman*, 26 B. T. A. 716.

We accordingly sustain the respondent on both issues, and

*Decision will be entered for respondent.*